UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORINA W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-972-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her diabetes-related allegations and in failing to address a function report completed by her mother. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1994, has some college education and certifications as a nursing assistant and medical assistant, and has worked as a medical assistant and pet store sales associate. AR at 44, 339. Plaintiff was gainfully employed part-time as a medical assistant at the time of the administrative hearing. *Id.* at 41.

ORDER - 1

1    In September 2019, Plaintiff applied for benefits, alleging disability as of May 1, 2017. AR at 176-77. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 93-100. After the ALJ conducted a hearing in June 2021 (*id*. at 33-58), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

ORDER - 2

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.   The ALJ Did Not Harmfully Err in Discounting Plaintiff's Alleged Diabetes-Related Limitations**

At the hearing, Plaintiff testified that her diabetes causes nausea, vomiting, headaches, and numbness in her fingers and toes. *See* AR at 47. The ALJ discounted Plaintiff's allegations of diabetes-related limitations because: (1) Plaintiff received unemployment benefits during the time that she claimed to be disabled; (2) Plaintiff's allegations were inconsistent with the objective medical evidence; and (3) Plaintiff's activities (including work activity) were inconsistent with her allegations. *Id.* at 22-23. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, the ALJ found that Plaintiff's receipt of unemployment benefits during the adjudicated period undermine her allegation of disabling diabetes symptoms because the receipt of unemployment benefits requires a representation that the recipient can work. AR at 22. But Plaintiff notes that she did, in fact, attempt to work during the time that she received unemployment benefits, and claims that she was either fired or stopped working due to her diabetes symptoms, and therefore there is no inconsistency between her receipt of unemployment benefits and her allegation of disability. (Dkt. # 10 at 4-5.)

The record does not entirely corroborate Plaintiff's allegations, however. The record shows that some of Plaintiff's jobs ended for reasons other than her impairments.[1] Furthermore,

---

[1] *See, e.g.*, AR at 589 (Plaintiff quit a job in May 2017 due to the long commute and low pay), 600 (a new job offer was rescinded in November 2017 due to miscommunication with her current employer), 618

if (as she alleges) Plaintiff was unable to sustain a job during the adjudicated period, that would nonetheless conflict with a representation that she was ready, willing, and able to work when she received unemployment benefits. *See* AR at 22. The ALJ acknowledged that a claimant's receipt of unemployment benefits does not *per se* preclude a finding of disability (*id.*), and did not err in considering the contradiction inherent in Plaintiff's statements about her ability to work during the adjudicated period as one factor to discount her allegations. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (explaining that the receipt of unemployment benefits can undermine a plaintiff's allegation of disability).

Second, the ALJ found that the objective medical evidence was inconsistent with the Plaintiff's allegations. AR at 22-23. Plaintiff alleged that she experienced disabling nausea, headaches, and fatigue resulting from chronically high blood sugar levels. (Dkt. # 10 at 9.) As the ALJ found (AR at 22), however, Plaintiff's medical records also indicate that she was not fully compliant with her treatment recommendations.[2] Although Plaintiff attempts to assert that that even if she had been fully compliant with her treatment plan, her diabetes would still have been "problematic," she does not show that her diabetes-related limitations would not have improved if she had fully complied with treatment. (Dkt. # 10 at 11.) Substantial evidence supports the ALJ's finding that Plaintiff was not always fully compliant with her treatment

---

(July 2018 reports that she stopped working full-time as a medical assistant due to diabetes symptoms and catching infections; took a part-time job that has not resulted in absenteeism), 652 (in April 2019 Plaintiff reports that she lost a prior job due to missing work too much, but is excited to start a new job that requires working 10-hour shifts two days per week), 863 (not looking forward to returning to her job in July 2020 because she does not like working in a mask), 870 (lost job in 2020 because the clinic closed due to COVID-19 restrictions).

[2] *See, e.g.*, AR at 518-19 (Plaintiff not using "bolus wizard" and needs an upgraded insulin pump), 523 (Plaintiff still not using bolus wizard, but received upgraded pump), 534 (Plaintiff not bolusing before meals), 540 (same), 548 (same), 563-64 (in October 2019 Plaintiff not using her glucose sensor; needs to bolus before meals), 743 (Plaintiff tells psychiatrist she does not like using a glucose sensor because she was embarrassed by this external device), 827-28 (on June 1, 2020, Plaintiff not using her glucose sensor; needs to bolus before meals), 841-42 (same, on June 23, 2020), 848 (same, in October 2020).

ORDER - 4

recommendations, and the ALJ did not err in relying on this reason to discount Plaintiff's allegations. *See Molina*, 674 F.3d at 1113-14 (holding that an ALJ may properly rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's allegations (cleaned up)).

Moreover, the ALJ noted (AR at 22), and Plaintiff conceded (*id*. at 43-44), that although Plaintiff alleged that her diabetes caused neuropathy, no testing confirmed this allegation and instead her sensation testing was normal. *See, e.g.*, *id*. at 808-811. The ALJ did not err in relying on contradiction by the objective medical record to discount Plaintiff's allegation of disabling numbness. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Lastly, the ALJ found that Plaintiff's daily activities undermine her allegations of an inability to work, namely her ability to work at multiple jobs since the alleged onset date, and her ability to care for her pets and shop online. AR at 23. The ALJ also noted that Plaintiff had inconsistent and low earnings even before she alleged that she became disabled. *Id*.

Plaintiff asserts that the ALJ noted "minimal, at best" activities and that she never claimed to be unable to care for her pets or shop online. (Dkt. # 10 at 7.) The Court agrees that the ALJ erred in relying on activities that do not contradict Plaintiff's allegations or suggest the existence of transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

But the ALJ's finding regarding Plaintiff's work activity during the adjudicated period supports the ALJ's assessment of Plaintiff's allegations. The ALJ reasonably found that Plaintiff's ability to perform some degree of work activity during the adjudicated period was

ORDER - 5

somewhat inconsistent with her allegation of an inability to work. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]"). Although Plaintiff suggests that all of her jobs ended due to absenteeism caused by her diabetes (dkt. # 10 at 8), as noted earlier, there is evidence in the record that is inconsistent with that allegation. Even if, as Plaintiff alleges (*id*.), the ALJ erred in citing her minimal work history overall due to her young age (22) on the alleged onset date, any error in this reasoning is harmless because the ALJ reasonably discounted her allegations based on her demonstrated ability to work during the adjudicated period.

Because the ALJ provided multiple legally valid reasons to discount Plaintiff's diabetes-related allegations, and provided additional unchallenged reasons to discount her alleged mental limitations, the Court affirms the ALJ's assessment of Plaintiff's testimony.

**B.    The ALJ Did Not Harmfully Err in Failing to Discuss Plaintiff's Mother's Statement**

Plaintiff's mother completed a third-party function report form in October 2019. AR at 380-89. The ALJ indicated that his decision did not specifically assess statements from non-medical sources (*id*. at 23-24), as per the applicable regulations, and Plaintiff contends that this is error. (Dkt. # 10 at 12-15.)

The new regulations indicate that statements from non-medical sources do not need to be assessed using the same criteria that applies to medical source opinions, but do not explicitly state that ALJs should not discuss statements written by non-medical sources. *See* 20 C.F.R. § 404.1520c(d).

Even if Plaintiff is correct that the ALJ erred in failing to explicitly assess the lay statement, the Court finds that the error is harmless because Plaintiff's mother's statement describes the same physical and mental limitations that Plaintiff herself alleged and, as explained

ORDER - 6

*supra*, the ALJ did not err in discounting them. The Commissioner's brief stresses the similarity between Plaintiff's statements and her mother's statements (dkt. # 11 at 7-8), and Plaintiff's reply brief does not dispute the similarity. (Dkt. # 12 at 4-5.) Under these circumstances, the Court finds that any error in the ALJ's failure to explicitly address Plaintiff's mother's function report is harmless. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"); *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. Sep. 1, 2022) (in a case applying the 2017 regulations, finding harmless error in ALJ's failure to address lay statements where the lay statements were similar to plaintiff's properly rejected testimony).

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 12th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7